Newburger, J.
The petitioner shows that he was born at New Brighton, county of Richmond, on July 13,1859. At that time there were no legally established bureaus or offices in the county of Richmond where records of births, marriages and deaths were kept, and that by reason thereof there is no record, nor has there ever been such, of the date and place of petitioner’s birth; that there is nobody alive known to the petitioner who has any personal knowledge of the facts, *241 and that there are no means available of establishing said facts by any existing record anywhere; that the petitioner has made application to the commissioner of health of the city of New York to have his birth recorded pursuant to the provision of section 1241 of the city charter, but that said application was refused upon the ground that said section would not cover the case of a birth in a district which was outside the city limits of the city at the time the birth took place. The prayer then asks for an order adjudging the facts stated in the petition as to the time and place of the petitioner’s birth and his status as a citizen of the United States, and directing the commissioner of health of the city of New York to record the same. The answer of the board of health sets out a failure on the part of the petitioner to comply with section 1241 of the Greater New York charter. Section 1241 of the charter provides that whenever births of children have occurred during the temporary absence of the parents from the city of New York, and the births of children which failed to be recorded through the neglect of the physician or other medical attendants, may be recorded in the bureau of records of the health department of said city upon the application in such behalf by the parents or guardians of such children, and then provides the procedure upon such applications. It further provides that no such birth shall be recorded without proof satisfactory to and upon the approval of the commissioner of health of all the facts and circumstances required to be stated in the application and papers mentioned herein; and no change or alteration shall at any time be made in any of the records of the said bureau of records in said city without proof satisfactory to and upon the approval of the said commissioner of health. It will thus be seen that the power is in the commissioner of health. In *242 Matter of Lauterjung, 48 N. Y. Super. Ct. 308, it was held that the proper remedy in a matter of this kind is to apply to the board of health and then review the action of the commissioner by certiorari. It does not appear from the papers that the board has passed upon the application of the petitioner herein. This motion must therefore be denied, but an order will be made requiring the board to proceed to hear and act upon the petition according to law.
Motion denied.